[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The defendant in this legal malpractice action has moved for summary judgment and the plaintiff has cross-moved for summary judgment as to liability only. For reasons set forth below, the court denies both motions.
The defendant Robert Bellitto represented the plaintiff Max Wischkin in the sale of a dry cleaning business in 1989. Connecticut General Statutes § 22a-134a requires that the seller of such an establishment provide to the buyer, with a copy to the Commissioner of Environmental Protection, a "negative declaration," containing assurances that any hazardous waste on the premises has been cleaned up or is being appropriately managed. No such declaration was prepared by the defendant and provided to the buyer or to the commissioner within the time prescribed by the statute. These appear to be the only facts not in dispute.
The defendant's motion for summary judgment is premised on the apparent absence of any enforcement action or civil penalties levied by the commissioner, a set of facts the defendant argues negates the plaintiff's allegation of harm. The plaintiff's affidavit discloses that he lost $10,000, time from work, and attorney fees, because as a result of the absence of the declaration he was compelled to renegotiate the note with the buyers or compromise on a claim of theirs against him. Whether the plaintiff suffered harm as a proximate result of the defendant's alleged negligence is a disputed issue about which there remain a number of unresolved underlying facts.
On the plaintiff's claim for summary judgment, beyond his bald assertion that the failure to file a negative CT Page 7527 declaration is a breach of the standard of care for attorneys in such a transaction, the documentation is silent. One of the exhibits is a letter from the defendant (which may or may not be admissible at trial) which seems to indicate that both the buyer and the seller waived the timely issuance of such a declaration by the seller. The issue of whether any conduct by the defendant constituted a breach of contract or a breach of duty is impossible to discern from the documentation and certainly remains a disputed issue supported, at this time, by no underlying facts either way.
The Plaintiff's Motion for Partial Summary Judgment is denied. The Defendant's Motion for Summary Judgment is denied.
PATTY JENKINS PITTMAN, JUDGE